Desilets v. Wal-Mart Stores          CV-95-534-SD 12/09/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


James Desilets;
Ricky Ordway;
John Pederson;
Matthew Young


_____v.                                    Civil No. 95-534-SD


Wal-Mart Stores, Inc.



O R D E R


Plaintiffs move for an award of attorney fees and other

litigation costs pursuant to 18 U.S.C. § 2520(b)(3) and Revised

Statutes Annotated (RSA) 570-A:11(c).[1]  Defendant has filed its

objection.  Document 73.[2]

---

[1]**18 U.S.C. § 2520(b)(3) provides that "appropriate relief"
for a violation of the federal wiretap statute includes, in
addition to damages, "a reasonable attorney's fee and other
litigation costs reasonably incurred."**
     **RSA 570-A:11(c) provides that for a violation of the state
wiretap statute, an aggrieved party may recover, in addition to
damages, fees and costs in the identical language set forth in
the above federal statute.**

[2]**Plaintiff has also moved for leave to file a reply
memorandum to the defendant's objection.  Document 77.  That
motion is denied, as the court finds that further filings will be
unhelpful to it in its resolution of the issues currently
presented.**

## Background

   While employed at relevant times in the Claremont, New
Hampshire, store of the defendant Wal-Mart Stores, Inc. (Wal-
Mart), the four plaintiffs in this action discovered that certain
co-employees had secreted voice-activated tape recorders in their
workplace.  Subsequently, plaintiffs brought suit for damages
pursuant to the federal, 18 U.S.C. § 2511, and state, RSA 570-
A:2, wiretap laws.[3]

   The jury found for the plaintiffs on their claims for
statutory damages under the above-cited statute.  The jury also
found for the defendant on each plaintiff's claim for punitive
damages.

## Discussion

   Plaintiffs seek recovery for attorney fees at a stipulated
reasonable rate of $125 per hour.  The total fees sought are
$41,325, broken down into the sums of $13,615.63 for services
rendered plaintiff James Desilets; $8,790.62 for services
rendered plaintiff Ricky Ordway; $9,053.12 for services rendered
plaintiff John Pederson; and $9,865.63 for services rendered
plaintiff Matthew Young.  The total amount of costs sought is

---

   [3]**With certain exceptions not here applicable, the cited
statutes forbid interception of the oral communications of
others.**

$6,255.05, with these costs to be divided equally among the four plaintiffs.

Defendant argues that such charges initially should be reduced by fifty percent to reflect the defendant's success on the punitive damage issues, and, additionally, by the sum of $7,647.05 for multiple reasons, which are hereinafter discussed. In short, defendant argues that plaintiffs should receive only the sum of $16,142.98 in fees and costs.

In this circuit, it is well settled that the award of fees first requires the calculation of a lodestar; that is, determination of the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours productively expended by a reasonable hourly rate. Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992).[4]  The court ascertains the time counsel actually spent on the case and then subtracts therefrom hours which were duplicative, unproductive, excessive, or otherwise unnecessary. Id.

As hereinabove indicated, all plaintiffs unsuccessfully sought an award of punitive damages. Additionally, plaintiff

---

[4]To the extent that defendant suggests that the court's view of the fees and costs issue here presented should be guided by the decision in Morford v. City of Omaha, 98 F.3d 398 (8th Cir. 1996), that argument is herewith rejected.  The court finds the circumstances of that case to be so inapposite as to make its rulings on fees here inapplicable.

3

James Desilets sought recovery for constructive discharge, a claim rejected by the court, which rendered judgment as a matter of law for defendant on that claim at the close of plaintiffs' case.

However, the doctrine of interrelatedness, which holds that where losing claims include a common core of facts or were based on related legal theories linking them to the successful claim recovery may be had for all claims, Lipsett, supra, 975 F.2d at 940-41, here serves to require rejection of defendant's contention that there should be a fifty percent reduction for plaintiffs' lack of success on the punitive damage and/or constructive discharge claims.

There is more merit to certain of the defendant's additional arguments, including those concerning fees and costs related to the witness Theresa Dawson;[5] communications with police departments, special investigators, or audiotaping experts; the deposition of Donald Schmutz;[6] and participation in private

_____

[5]**Prior to trial, the court struck the deposition of Theresa Dawson.  Document 56, at 2, 3.**

[6]**Plaintiffs' counsel was advised prior to the deposition of Schmutz that he had no knowledge about the circumstances of this case.  This proved to be the testimony elicited at his deposition, and the deposition was not used at trial.**

mediation.[7]

Turning to the deposition of Theresa Dawson, the court finds that 4.6 hours and $550.05 in costs should be deducted from the totals claimed by plaintiffs.[8] Concerning the communication with police departments, special investigators, and audiotaping experts, the deductions will be 5.3 hours and $9.08 in costs.[9]

For the Schmutz deposition, there is an hourly deductible of 2.3 hours.[10] Finally, the mediation deductions total 5.2 hours

---

[7]The court rejects defendant's claim that ten percent of the claimed billable hours should be charged at a paralegal rate of $50 per hour, and also rejects defendant's claims that time spent in review of videotapes, unsuccessfully challenging motions in limine, and the hiring of an investigator should be excluded from the award of fees and costs.

[8]The hourly deductions include: .1 hours on March 7, 1997; .2 hours on March 14, 1997; 4 hours on April 10, 1997; .1 hours on May 7, 1997; and .2 hours on October 17, 1997. The cost items include a $70 witness fee on March 5, 1997; a $160 court reporter fee on April 25, 1997; mileage of $138.80 on April 10, 1997; a conference room fee of $83.75 on May 20, 1997; and a $97.50 transcript fee on June 20, 1997.

[9]The hourly deductions include: .2 hours on September 6, 1995; .4 hours on January 3, 1996; .3 hours on January 4, 1996; 1.8 hours on February 2, 1996; .2 hours on February 21, 1996; .2 hours on February 22, 1996; .1 hours on March 18, 1996; .1 hours on March 30, 1996; .7 hours on April 24, 1996; 1.2 hours on April 26, 1996; and .1 hours on January 14, 1997. The single cost item is a telephone toll charge of $9.08 to the county attorney on February 6, 1996.

[10]The hourly deductions include .3 hours on March 28, 1997; .1 hours on April 3, 1997; .1 hours on April 29, 1997; .1 hours on May 11, 1997; .2 hours on May 21, 1997; 1.1 hours on May 27, 1997; .2 hours on May 28, 1997; and .2 hours on June 6, 1997.

and $475 in costs.[11]

The result is that fees claimed are reduced from the total of $41,325 to the sum of $39,150. Costs claimed are reduced from the sum of $6,255.05 to $5,220.92. Fees and costs are accordingly herewith awarded to plaintiff James Desilets in the sum of $13,071.88 in fees and $1,305.23 in costs; to plaintiff Ricky Ordway, the sum of $8,246.87 in fees and $1,305.23 in costs; to plaintiff John Pederson, $8,509.37 in fees and $1,305.23 in costs; to plaintiff Matthew Young, $9,821.88 in fees and $1,305.23 in costs.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

December 9, 1997
cc:    Claude T. Buttrey, Esq.
       Charles L. Powell, Esq.
       E. Tupper Kinder, Esq.

_____

[11]**The hourly deductions include .2 hours on September 9, 1997, and 5 hours on September 16, 1997. The cost item is a $475 mediation charge of September 15, 1997.**